
RICHARD DOYLE, City Attorney  (#88625)
NORA FRIMANN, Chief Trial Attorney (#93249)
MICHAEL R. GROVES, Sr. Deputy City Attorney (#85620)
RICHARD NORTH, Deputy City Attorney (#225617)
Office of the City Attorney
200 East Santa Clara Street
San Jose, California  95113-1905
Telephone:  (408) 535-1900
Facsimile:    (408) 998-3131
Email:          cao.main@sanjoseca.gov

Attorneys for Defendant,
CITY OF SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KENNETH RAY LAW,<br><br>            Plaintiff,<br><br>vs.<br><br>CITY OF SAN JOSE, COUNTY OF SANTA CLARA, OFFICER ARDIZZONE,<br><br>            Defendants. | CASE NO.:  C08-01664 RMW<br><br>**DEFENDANT CITY OF SAN JOSE'S ANSWER TO COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |
|---|---|

   In answer to the Complaint on file herein, Defendant, CITY OF SAN JOSE, responds as follows:

   1.   In answer to Paragraph 1 of the Complaint, this answering Defendant admits that Plaintiff is bringing this action under 42 USC § 1983 to recover damages.  As to all other allegations in said paragraph, this answering Defendant denies each and every allegation contained therein.

   2.   In answer to Paragraphs 2 and 3 of the Complaint, this answering Defendant does not have sufficient information and belief to respond to said allegations and so denies said allegations.

   3.   In answer to Paragraphs 4 and 5 of the Complaint, this answering Defendant admits that the City of San Jose and the County of Santa Clara are public entities.  As to the

remaining allegations contained in said paragraphs, this answering Defendant does not understand the allegations and therefore denies said allegations.

4. In answer to Paragraphs 6 of the Complaint, this answering Defendant admits that Officer Ardizzone was a San Jose Police Officer. As to all other allegations in said paragraph, this answering Defendant denies each and every allegation contained therein.

5. In answer to Paragraphs 7 and 8 of the Complaint, this answering Defendant does not have sufficient information and belief to respond to said allegations and so denies said allegations.

6. In answer to Paragraphs 9 through 12 of the Complaint, this answering Defendant denies each and every allegation contained therein.

7. In answer to Plaintiff's Prayer for Relief, to the extent said Prayer for Relief contains allegations and factual claims, this answering Defendant denies each and every allegation and claim contained therein.

## AFFIRMATIVE DEFENSES

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, this answering Defendant alleges that the Complaint fails to state a claim upon which relief can be granted.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, this answering Defendant alleges that any harm Plaintiff suffered was the result of negligent or otherwise wrongful conduct of persons other than this answering Defendant and that the conduct of persons other than this answering Defendant were the sole and proximate cause of the injuries and damages alleged by Plaintiff.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, this answering Defendant alleges that all actions taken were undertaken in good faith and with a reasonable belief that the actions were valid, necessary, constitutionally proper and objectively reasonable for a police officer in the same circumstances, entitling the individual Defendants to the qualified immunity of good faith.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, this answering Defendant alleges that they are immune from the state law causes of action pursuant to Government Code §§ 800-1000.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, this answering Defendant alleges they are immune from the state law causes of action pursuant to Government Code § 815.2(b) and § 820.8 granting immunity for an injury caused by the act or omission of another person.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's Complaint is barred in that Plaintiff failed to comply with the claims filing provisions of Government Code § 900, et seq.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff/s Complaint is barred by the applicable statutes of limitation.

AS FOR AN EIGHTH AFFIRMATIVE DEFENSE, this answering Defendant alleges that Plaintiff's own negligent and improper conduct was the sole and proximate cause of whatever injuries and damages Plaintiff alleges, if any injuries and damages there are.

AS FOR A NINTH AFFIRMATIVE DEFENSE, this answering Defendant alleges that the individual Defendants are entitled to immunity from Plaintiff's Complaint by virtue of the provisions of Government Code of the State of California, §§ 800 through 1000, including, but not limited to §§ 820.2, 820.4, 820.6, 820.8, 821, 821.6 and 822.2.

AS FOR A TENTH AFFIRMATIVE DEFENSE, this answering Defendant alleges that their actions towards Plaintiff were lawful and justified under the facts of the case.

AS FOR AN ELEVENTH AFFIRMATIVE DEFENSE, this answering Defendant alleges that they are protected by the affirmative defenses provided by California Penal Code §§ 197, 834(a), 835 and 835(a).

AS FOR A TWELFTH AFFIRMATIVE DEFENSE, this answering Defendant alleges that any damages or injuries suffered by Plaintiff were occasioned by his own wrongful actions.

1  AS FOR A THIRTEENTH AFFIRMATIVE DEFENSE, this answering Defendant
2  alleges that Defendant City of San Jose is entitled to immunity from Plaintiff's Complaint
3  herein by virtue of the provisions of Government Code §§ 800-1000, including, but not limited
4  to, §§ 815, 815.2, 815.6, 818, 818.2, 818.8, 844.6 and 845.
5  AS FOR A FORTEENTH AFFIRMATIVE DEFENSE, this answering Defendant alleges
6  that Defendant City of San Jose is immune from a claim of exemplary or punitive damages
7  by virtue of Government Code § 818.
8  AS FOR A FIFTHTEENTH AFFIRMATIVE DEFENSE, this answering Defendant
9  alleges that the individual Defendants have no liability and are immune from claims of false
10 arrest and subsequent false imprisonment pursuant to Penal Code § 847.
11 AS FOR A SIXTHTEENTH AFFIRMATIVE DEFENSE, this answering Defendant
12 alleges that Plaintiff's claim was filed late and is therefore ineffective pursuant to California
13 Government Code §§ 901 and 911.2.
14 AS FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, this answering Defendant
15 alleges that Plaintiff's state law causes of action contained in the Complaint are barred by
16 Plaintiff's failure to comply with the claim filing requirement of the California Government
17 Code.
18 AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, this answering Defendant
19 alleges Plaintiff has failed to mitigate his damages.
20 AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE, this answering Defendant
21 alleges that the incident complained of never occurred.
22 WHEREFORE, this answering Defendant prays:
23 1. That Plaintiff take nothing by his Complaint;
24 2. That Plaintiff's Complaint be dismissed with prejudice;
25 3. That Defendant be awarded its costs of suit, including attorney's fees incurred
26 herein; and
27 4. For such other and further relief as the Court deems proper.
28

# JURY TRIAL DEMAND

This answering Defendant hereby demands a jury.

Dated: July 8, 2008

Respectfully submitted,

RICHARD DOYLE, City Attorney

By: _____/s/_____
    MICHAEL R. GROVES
    Sr. Deputy City Attorney

Attorneys for Defendant,
CITY OF SAN JOSE