Ira Leshin, Esq. State Bar No. 139768
LAW OFFICES OF IRA LESHIN
220 Sansome Street, Sixth Floor
San Francisco, CA 94104
Tel: (415) 398-3950
Fax: (415) 398-1567

Attorney for Plaintiff, KENNETH R. LAW

RICHARD DOYLE, City Attorney (88625)
NORA FRIMANN, Chief Trial Attorney (93249)
MICHAEL R. GROVES, Sr. Deputy City Attorney (85620)
RICHARD NORTH, Deputy City Attorney (25617)
Office of the City Attorney
200 East Santa Clara Street
San Jose, California 95113-1905
Tel: (408) 535-1900
Fax: (408) 998-3131
Email:        cao.main@sanjoseca.gov

Attorneys for Defendant, CITY OF SAN JOSE

ANN MILLER RAVEL, County Counsel (62139)
GREGORY J. SEBASTINELLI, Deputy County Counsel (#1048848)
Office of the County Counsel
70 West Hedding St., East Wing, 9th floor
San Jose, California 95110-1770
Tel: (408) 299-5900
Fax: (408) 292-7240
Email: Gregory.sebastinelli@cco.co.scl.ca.us

Attorneys for Defendant, COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KENNETH RAY LAW,<br><br>            Plaintiff,<br><br>vs.<br><br>CITY OF SAN JOSE, COUNTY OF SANTA CLARA, OFFICER ARDIZZONE,<br><br>            Defendants. | CASE NO.: C08-01664 RMW<br><br>**JOINT CASE MANAGEMENT STATEMENT, AND PROPOSED CASE MANAGEMENT ORDER PURSUANT TO LOCAL RULE 16-3 AND 16-9**<br><br>Date:       September 5, 2008<br>Time:       10:30 a.m.<br>Courtroom:  6<br>Judge:      Hon. Ronald M. Whyte |
|---|---|

    Pursuant to this court's Local Rule 16-3 and 16-9, the parties to the above entitled matter jointly submit the following Case Management Statement, Proposed Case

Management Order. Each party certifies that its trial counsel who will try this case met and conferred for the preparation of this Statement.

**PRELIMINARY CONFERENCE**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, a telephone conference was held on August 28, 2008, that was attended by Ira Leshin, Esq. for Plaintiff Kenneth R. Law ("Law"), and Michael Groves, Esq., for Defendant City of San Jose, and Gregory J. Sebastinelli, Esq., for Defendant County of Santa Clara. Below are the agreements of the parties based on their August 28th teleconference in addition to any proposed items by the parties.

1. **Jurisdiction and Service**

There are no issues as to service of process, personal jurisdiction, subject matter jurisdiction or venue. As of the filing of this statement, the County and the City have been served and have answered. Defendant San Jose Police Officer Ardizzone has not been served. Plaintiff is considering an amendment to the Complaint and intends to seek leave of court.

2. **Facts and Principal Factual & Legal Issues**

Plaintiff's Version:

This is an action brought under 42 U.S.C. Section 1983 to recover damages against Defendants for violation of Plaintiff's constitutional right to be free from unlawful and illegal arrest and imprisonment under the Fourth and Fourteenth Amendments to the United States Constitution. On March 27, 2006, Plaintiff was falsely arrested by Defendant the City of San Jose, Police Officer Ardizzone, for alleged grand theft and/or theft by false pretenses. The arrest was intentionally made by Defendants without probable cause and based upon no evidence of a crime that Plaintiff did not commit. Plaintiff was held against his will by Defendant and then taken to jail where he was falsely imprisoned at the Elmwood Jail located in Milpitas, California. Plaintiff remained falsely imprisoned for over 7 months in jail until October 31, 2006, when he was released after a judge ordered that

2

Joint CMC Statement
C08-01664 RMV                                                              502446

the charges against Plaintiff be dismissed for lack of any evidence of a crime. While in jail, Defendant County of Santa Clara, improperly treated Plaintiff by wrongfully classifying Plaintiff and housing him in the maximum-security section of the jail, causing Plaintiff great emotional and physical harm while he was held in "lock down" for months at the facility.

The principal factual and legal issues that the parties dispute are as follows:

    a.    Was Plaintiff falsely arrested, without probable cause on March 27, 2006.

    b.    Was the arrest made intentionally, based upon no evidence of a crime that Plaintiff did not commit.

    c.    Was Plaintiff held against his will by the Defendant City of San Jose.

    d.    Was Plaintiff falsely imprisoned by Defendants.

    e.    Were Plaintiff's federal and constitutional statutory rights for due process and equal protection violated by Defendants.

    f.    Was Plaintiff properly classified and housed by Defendant, County of Santa Clara.

    g.    What is the nature and extent of Plaintiff's damages and other relief sought by Plaintiffs.

<u>City's Version</u>:

On October 13, 2005 a Senior Investigator for the Bank of the West reported to the San Jose Police that Plaintiff, a little less than one year earlier on November 4, 2004, had deposited a counterfeit $30,000.00 check payable to himself, into his account at a Bank of the West branch in San Jose. In the week following this deposit, again according to the Senior Investigator, Plaintiff made three withdrawals totaling a little more than $4,000.00.

The San Jose Police investigated this allegation and concluded the check was, indeed, counterfeit. Plaintiff could not be found. A felony warrant was issued by the Santa Clara County Superior for Plaintiff's arrest for Penal Code § 484 Larceny and Penal Code § 487 Grand Theft.

Pursuant to this warrant, Plaintiff was arrested by the San Jose Police Department in March of 2006.

The principal factual and legal issues in dispute are as follows:

a. Whether Plaintiff deposited into his account a counterfeit $30,000.00 check.

b. Whether Plaintiff made subsequent withdrawals from that account.

c. Whether Plaintiff's actions constituted larceny and/or grand theft.

d. Whether probable cause existed.

e. Whether Plaintiff was arrested pursuant to a warrant valid on its face.

f. Whether Officer Ardizzone is entitled to the qualified immunity of good faith.

g. Whether the City is immune.

h. Whether Plaintiff's claims are barred by the statute of limitations.

i. Whether Plaintiff's claims are barred due to his failure to satisfy California's claim of filing requirements.

<u>County's Version</u>:

Defendant County of Santa Clara ("County") contends that Plaintiff was booked into custody by a City of San Jose police officer on March 27, 2006, and thereafter remained in custody until September 28, 2006. The County did not, and does not, exercise any authority over city police as to who to arrest and why, nor does it exercise any authority as to when a detainee should be released from the County Jail. Further, city police book arrestees into County custody every hour of every day and this, in and of itself, does not give rise to a viable civil rights or other claim. As for the allegation that Plaintiff was improperly "classified and housed" while at the County's Elmwood Facility, this allegation first came to light on the afternoon of Friday, August 28, 2008. The County will promptly investigate Plaintiff's classification and housing history, and will respond to that allegation at the Case Management Conference.

//

//

Joint CMC Statement
C08-01664 RMV

502446

**3.    Motions**

There are no pending or prior motions, and other than a possible amendment to the Complaint, it is too early for the Plaintiff to determine what motions he may file. The City intends to file a Motion for Summary Judgment.

**4.    Amendment to Pleadings**

Plaintiff does intend to amend his complaint after some initial investigation and discovery is first obtained. The parties agree that the deadline for amendments, absent a showing of good cause, shall be May 1, 2009.

**5.    Evidence Preservation**

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in the action.

**6.    Initial Disclosures**

The parties agreed to exchange initial disclosures pursuant to Rule 26(a)(1) on or before October 6, 2008.

**7.    Discovery Plan**

The parties have not yet commenced discovery. The parties agreed that discovery will take place as set forth in the Federal Rules of Civil Procedure. The parties agreed to the following discovery plan and case management schedule:

The parties agreed that the first deposition will be the deposition of Plaintiff by Defendants. After Plaintiff's deposition, the parties may notice any other depositions as they deem necessary subject to the Federal Rules of Civil Procedure.

The parties agreed that they may serve written discovery requests on one another or third parties pursuant to the Federal Rules of Civil Procedure.

**The Parties propose the following discovery deadlines:**

Discovery cutoff Date:                                          June 1, 2009

Last Day to serve Dispositive Motions:                  July 1, 2009

Date For Expert Disclosures:                                August 3, 2009

| | | |
|---|---|---|
| 1 | Date For Rebuttal Expert Witness Disclosure | September 1, 2009 |
| 2 | Date for Expert Discovery Cutoff: | September 30, 2009 |
| 3 | Last Day for Hearing on Dispositive Motions: | October 30, 2009 |
| 4 5 | Pre-trial Conference: | As set by the Court Local Rule 16-10 |
| 6 7 | Discovery Concerning Punitive Damages | TBD after a finding giving rise to punitive damages |

**8.   No Proposed Discovery Changes**

The parties did not propose or agree to any changes in the limitation, scope or schedule of discovery as set forth in the Federal Rules of Civil Procedure.

**9.   Class Actions**

This is not a class action.

**10.   Related Cases**

The parties are unaware of any pending related cases or proceedings.

**11.   Relief**

Plaintiff seeks any and all compensatory damages, including but not limited to general damages, special damages, and punitive damages.  In addition, Plaintiff also seeks an award of attorneys' fees.

**12.   Settlement and ADR**

The parties shall file a Joint ADR Certification By Parties and Counsel, Stipulation and Proposed Order Selecting an ADR Process, namely, Early Neutral Evaluation pursuant to ADR Local Rule 5.  The parties to hold the ADR session within 120 days after referral to ENE pursuant to ADR Local Rule 5-4(b).

**13.   Consent to Magistrate Judge for All Purposes.**

The parties demand a jury trial and do not consent to either a jury trial or a court trial before a United States Magistrate Judge.

//

**14.  Narrowing of Issues**

The parties are not presently in a position to determine what issues can be narrowed by agreement or motion, or what may be done to expedite the presentation of evidence at trial.  Further, it has yet to be determined whether any party will seek bifurcation of any issues, claims, or defenses other than bifurcation of liability/compensatory damages from punitive damages.

**15.  Expedited Schedule**

This is not the type of case that can be handled on an expedited basis.

**16.  Scheduling**

a.  The parties request a trial date on January 25, 2010.

b.  The parties are agreeable to a Final Pretrial Conference in November 2009 to be determined at the convenience of the Court.

c.  The parties are agreeable to a further Case Management Conference in January 2009 to discuss, among other things, the status of ongoing discovery and the prospects for settlement or resolution of this case.

**17.  Trial**

Plaintiff has requested a jury trial in his Complaint for Damages.  Plaintiff requests that trial should be scheduled no sooner than January 2010.  The parties estimate that trial in this case will take 5-7 court days.

**18.  Disclosure of Non-Party Interested Entities or Persons**

At present the parties are unaware of any non-party interested entities or persons with the possible exception of the individual at the Bank of the West who reported the alleged criminal activity since, if the report was false, one would assume that person should be named in the case.

//

//

//

7

Joint CMC Statement
C08-01664 RMV

502446

**19.   Other Matters**

The parties are amenable to discussing with one another, and with the Court, any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated:  August 29, 2008          LAW OFFICES OF IRA LESHIN


                                 By:_____/s/_____
                                       Ira Leshin
                                       Attorneys for Plaintiff, Kenneth R. Law


Dated:  August 29, 2008          RICHARD DOYLE, City Attorney


                                 By:_____/s/_____
                                       Michael Groves
                                       Attorneys for Defendant, City of San Jose


Dated:  August 29, 2008          Office of the County Counsel, Santa Clara


                                 By:_____/s/_____
                                       Gregory J. Sebastinelli
                                       Attorneys for Defendant,
                                       County of Santa Clara


**IT IS SO ORDERED:**


Dated:  _____, 2008     _____
                                 HONORABLE RONALD M. WHYTE
                                 United States District Judge

8